UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                                                    Case No: 2:15-cv-344-SPC-MRM

EVELYN EPRIGHT, BRINTON EPRIGHT
and CHESTELM HEALTH CARE, INC.,
a/k/a CHESTHELM HEALTHCARE, INC.,

    Defendant.
_____/

# ORDER[1]

This matter comes before the Court on Defendants Evelyn Epright, Brinton Epright, and Chestelm Health Care, Inc.'s Amended Motion to Dismiss or, in the Alternative, Transfer Venue. (Doc. #12). Plaintiff State Farm Mutual Automobile Insurance Company filed a timely Response. (Doc. #18). This matter is ripe for the Court's review.

## Background

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois corporation with its principal place of business in Illinois. (Doc. #1 at ¶ 2). Defendants Evelyn Epright and Brinton Epright are citizens of Florida. (Doc. #1 at ¶ 4–

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

5). Defendant Chestelm Health Care ("Chestelm") is a Connecticut corporation with its principal place of business in Connecticut. (Doc. #1 at ¶ 5).

In order to understand the matter before the Court, a brief review of the underlying suit is helpful. Evelyn Epright and Brinton Epright, a married couple, are the owners and officers of Chestelm. (Doc. #1 at ¶¶ 11–12). On May 18, 2013, the Eprights, who were driving in a Florida-registered vehicle owned by Chestelm and operated by Brinton Epright, were involved in a car accident with another driver. (Doc. #1 at ¶¶ 8, 10). Evelyn Epright sustained injuries from the accident. (Doc. #1 at ¶¶ 9–10). She subsequently filed suit in the Superior Court of Connecticut, Judicial District of Middlesex at Middletown against Brinton Epright for negligent operation of the vehicle and Chestelm for negligence through its agent, Brinton Epright.[2] (Doc. # 1-1 at 3, 5). The litigation in this underlying case is still ongoing. See Evelyn Epright v. Chestelm Health Care Inc., a/k/a Chesthelm Healthcare, Inc., and Marcos Flores, No. MMX-CV-15-6013201-S (Conn. Super. Ct. Aug. 13, 2015).

State Farm was the insurer of the vehicle owned by Chestelm at the time of the accident. (Doc. #1 at ¶ 15). The Eprights procured the auto policy in the name of Chestelm Health Care from a State Farm agent in Florida. (Doc. #1-2 at 2). The policy contained a choice of law provision stating Florida law controlled interpretation. (Doc. #1 at ¶ 22; Doc. #1-2 at 53). The policy also contained a provision excluding coverage for bodily injury to the insured, resident relatives, or anyone who primarily resides and is related to the insured by blood, marriage, or adoption. (Doc. #1 at ¶ 18); (Doc. #1-2 at 13). State Farm believes this exclusion is valid under Florida law, and thus Evelyn

---

[2] Evelyn Epright also sued Marcos Flores, the driver of the other vehicle, who is not a party in this case. (Doc. #1-1 at 2).

Epright, as an insured and because she primarily resides with an insured, Brinton Epright, is not covered by the policy. (Doc. #1 at ¶¶ 17– 20). According to State Farm, the Defendants contend the policy is invalid under Connecticut law. (Doc. #1 at ¶ 21). State Farm seeks a declaratory judgment that the exclusion is valid and the policy does not provide coverage for Evelyn Epright's claims. (Doc. #1 at ¶ 23).

## Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly–Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); Marsh, 268 F.3d at 1036 n.16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Iqbal, 556 U.S. 662, 677, 129 S. Ct.

1937, 173 L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

## Discussion

A.  *Affidavits*

As a preliminary matter, the Court will address the argument State Farm raises in its Response that the Court should disregard the three affidavits (Doc. #13; Doc. #14; Doc. #17) filed concurrently with Defendants' Amended Motion to Dismiss as untimely.[3] (Doc. #18 at 3). State Farm points out that the only difference between the initial Motion to Dismiss (Doc. #8) and the Amended Motion to Dismiss (Doc. #12) is an inclusion of citations to the affidavits. (Doc. #18 at 2). The affidavits were carried out on July 21, 2015, two weeks prior to the filing of State Farm's initial Response. (Doc. #18 at 3). As such, State Farm believes the Amended Motion to Dismiss (Doc. #8) was simply a vehicle by which Defendants attempted to file what would otherwise be considered untimely affidavits under Federal Rule of Civil Procedure 6(c)(2).[4] (Doc. #18 at 3).

State Farm's argument that Defendants' Amended Motion to Dismiss was for the sole purpose of getting into evidence untimely affidavits is well taken. The only change in the Amended Motion to Dismiss was the inclusion of citations to the untimely affidavits. (Doc. #8); (Doc. #12). Additionally, it is questionable why Defendants chose to hold the

---

[3] Doc. #15 was filed as "Affidavit of Evelyn Epright," but contained only copy of Defendants' Amended Motion to Dismiss. Defendants later filed the actual Affidavit of Evelyn Epright in Doc. #17.
[4] Federal Rule of Civil Procedure 6(c)(2) requires any affidavit supporting a motion to be served with the motion. FED. R. CIV. P. 6(c)(2).

4

affidavits for two weeks and file them the day after being served with State Farm's initial Response. (Doc. #10 at 12); (Doc. #13 at 4); (Doc. #14 at 4); (Doc. #17 at 4).

Nevertheless, the Court will consider the affidavits for two reasons. First, federal courts have a strong preference for deciding cases on the merits rather than procedural technicalities. As such, this Court would prefer to resolve the issue having considered any relevant information contained in the affidavits, rather than excluding them as untimely. Second, inclusion of the affidavits in the record would not give Defendants an unfair advantage as State Farm was afforded the opportunity to address their contents in its Response to the Amended Motion to Dismiss. (Doc. #18 at 2–3).

B. *Motion to Dismiss for Lack of Personal Jurisdiction over Chestelm*

The Defendants first argue that Chestelm, as a foreign corporation, is not subject to general personal jurisdiction under Florida's long-arm statute because it does not engage in substantial or unisolated activity in Florida. (Doc. #12 at 3).

A federal court sitting in diversity may only exercise personal jurisdiction if two requirements are met. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). First, the state's long-arm statute must provide a basis for personal jurisdiction. Id. Secondly, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. Id. In a complaint, the plaintiff bears the burden of alleging enough facts for a prima facie case of jurisdiction. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999).

Florida's long-arm statute provides for two types of personal jurisdiction: general and specific. FLA. STAT. § 48.193. The general jurisdiction provision provides jurisdiction over a defendant who "is engaged in substantial and not isolated activity within this state,

whether such activity is wholly interstate, intrastate, or otherwise . . . ." FLA. STAT. § 48.193(2). General jurisdiction is based on the defendant's substantial activity in Florida, regardless of whether it was related to the cause of action being litigated. Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1361 (11th Cir. 2006).

Here, State Farm has not alleged that Chestelm, a Connecticut corporation and citizen of the State of Connecticut, was engaged in substantial activity in Florida. (Doc. #1 at ¶5). Thus, the Court finds Florida's long-arm statute does not warrant general jurisdiction over Chestelm.

Defendants next argue that Chestelm is not subject to specific personal jurisdiction because State Farm did not sufficiently plead it. (Doc. #12 at 3–4). The Court disagrees and finds State Farm has sufficiently pled a prima facie case of specific personal jurisdiction.

The specific jurisdiction provision provides jurisdiction over "causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1352 (11th Cir. 2013). A court may exercise specific jurisdiction over a nonresident defendant if the defendant has "'purposefully' directed his activities at residents of the forum, and the litigation results alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472–73 (1985) (internal citations omitted) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).

State Farm argues that Chestelm is subject to the specific jurisdiction provision which provides jurisdiction over defendants who "[c]ontract[] to insure a person, property,

or risk located within this state at the time of contracting." FLA. STAT. § 48.193(1)(a)(4); (Doc. #18 at 5).

State Farm sufficiently alleged enough substantive facts to support the exercise of specific jurisdiction in paragraph eight of its Complaint: "[T]he subject insurance policy was procured in this district for the purpose of insuring a motor vehicle registered in this State . . . ." (Doc. #1 at ¶ 8). Further, the State Farm policy attached to the Complaint indicated the policy was purchased in Florida. (Doc. #1-2 at 1).

Here, Chestelm's conduct fits squarely within section 48.193(1)(a)(4). Chestelm purposefully availed itself of the privilege of conducting business in Florida by contracting to insure its Florida-registered vehicle with a State Farm insurance agent in Naples, Florida. (Doc. #1 at ¶ 8). As such, the Florida long-arm statute warrants the exercise of specific personal jurisdiction over Chestelm.

Having determined the Florida long arm statute extends to reach Chestelm, the Court must next determine whether that reach comports with the Due Process Clause. Defendants argue Chestelm does not have sufficient minimum contacts with Florida such that it could reasonably foresee defending itself in a suit here because its only "arguable contact with the [S]tate of Florida stems from Chestelm's procurement of automobile insurance within the state to cover a motor vehicle registered in the state." (Doc. #12 at 5). Further, Defendant's argue they "could not reasonably expect to be haled into court in Florida to defend an action stemming from an automobile accident that occurred in Connecticut." (Doc. #12 at 5).

In the Eleventh Circuit, a two-part analysis is used to determine if the exercise of jurisdiction over a nonresident defendant comports with due process. Sculptchair, Inc. v.

Century Arts, Ltd., 94 F.3d 623, 630–31 (11th Cir. 1996). First, the Court must determine whether the defendant established sufficient "minimum contacts" within the State of Florida. Id. Second, the Court must determine whether exercise of this jurisdiction over Chestelm would offend "traditional notions of fair play and substantial justice." Id. (quoting Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 258 (11th Cir. 1996)).

There is a three-part analysis to determine whether sufficient minimum contacts are present. Posner v. Essex, 478 F.3d 1209, 1220 (11th Cir. 1999).

> First, the contacts must be related to the plaintiff's cause of action . . . . Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . . . Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

Id. (quoting Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1546 (11th Cir. 1999).

Here, Chestelm established sufficient minimum contacts with the forum such that it reasonably should have anticipated defending suit here. State Farm's action grew out of Chestelm's purposeful contact with Florida to obtain insurance with a Naples, Florida insurance agent. (Doc. #1-2 at 2). The purpose of this action is to obtain a declaratory judgment on the content of the policy. (Doc. #1 at 5). As to the contacts, Chestelm reached out of Connecticut to enter into an insurance policy with State Farm in Florida, thereby availing itself of the privilege of conducting business in Florida. (Doc. #1-2). Chestelm should have reasonably anticipated that any litigation regarding the policy it obtained in Florida insuring its Florida-registered vehicle would occur in a Florida court. (Doc. #1 at ¶ 8). Additionally, in considering that the policy was obtained to protect Florida residents, the Eprights (Doc. #1-2 at 3), that the location used to determine the rate

8

charged was based on a Florida address (Doc. #1-2 at 2), and that the policy contained a Florida choice of law provision (Doc. #1-2 at 53), it is apparent that Chestelm should have foreseen any litigation in connection to the policy would be conducted in Florida.

Defendants might be correct that they could not reasonably anticipate being haled into court in Florida to defend an action regarding a car accident that occurred in Connecticut. (Doc. #12 at 5). However, the Connecticut car accident is not the basis of the current action. The purpose of this action is to clarify the implications of an exclusion clause in an insurance policy. (Doc. #1 at ¶¶ 18–23). The car accident was simply the catalyst for the current action and as such is merely ancillary information. (Doc. #1 at ¶¶ 9–14).

Having determined sufficient minimum contacts exist between the forum and Chestelm, the Court must consider whether exercising jurisdiction over Chestelm would comport with traditional notions of fair play and substantial justice. Sculptchair, Inc., 94 F.3d at 630–31. In considering the fairness and reasonableness of a forum's exercise of jurisdiction, a court must consider, among other things, "the burden on the defendant, the interest of the forum State, and the plaintiff's interest in obtaining relief.'" Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1551 (11th Cir. 1993) (quoting Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 113 (1987)).

The application of these factors affirm that Florida's exercise of jurisdiction over this matter comports with due process. First, any burden on Chestelm to defend this suit in Florida is minimal. Defendants argue they would be substantially burdened as Chestelm and Brinton Epright are already defending themselves in the underlying suit regarding the car accident in Connecticut. (Doc. #12 at 6). The only two employees of

Chestelm listed on the insurance policy, and thus the only two employees that could reasonably be called as witnesses in this contractual suit are Brinton and Evelyn Eprights. (Doc. #1-2 at 3). As Florida citizens, it is not clear why it would be burdensome for the Eprights to defend a suit in a state where they are citizens. (Doc. #1 at ¶¶ 3, 4). As such, the burden on Chestelm to defend this suit in Florida is minimal.

Second, Florida cannot be said to have no legitimate interest in the interpretation of a contract negotiated within the state, particularly when contract was obtained for the protection of Florida citizens, the Eprights. (Doc. #1-2 at 3). See Cronin v. Washington Nat. Ins. Co, 980 F.2d 663, 671 (11th Cir. 1993) (stating Florida had a substantial interest in resolving a "dispute over a contract pursuant to which insurance benefits would be provided to a patient in a Florida hospital . . . .").

Third, State Farm's interests in adjudicating this matter in Florida are significant. It is reasonable for State Farm to seek resolution in a local forum of a contract dispute with a customer who sought out its services in Florida. Considering the minimal burden on Chestelm, the significant interests of State Farm and the forum state, the exercise of jurisdiction by a Florida court comports with traditional notions of fair play and substantial justice.

C. *Venue*

Next, Defendants seek dismissal of this case for improper venue. They argue venue in this forum is improper under 28 U.S.C. § 1391(b)(2) because the car accident which gave rise to this action occurred in Connecticut. (Doc. #12 at 6—7). The Court disagrees.

Here again the Defendants misunderstand the basis for the present action, which is for declaratory judgment on a provision of the insurance contract. As noted above, the subsequent car accident merely provided catalyst for State Farm's interest in determining its obligations under said contract. The determination of fault or liability for the car accident is not at issue or relevant here, and thus the location of the car accident is immaterial.

State Farm is correct that venue is proper under 28 U.S.C. § 1392(b)(2), as the substantial event giving rise to this claim, the signing of the insurance contract, occurred in this judicial district. (Doc. #1 at ¶8); (Doc. #1-2 at 2).

D. *Forum Non Conveniens*

Defendants next seek dismissal under the doctrine of *forum non conveniens*, arguing an adequate alternative forum exists in the United States District Court for the District of Connecticut. (Doc. #12 at 8).

Under the doctrine of *forum non conveniens*,

> when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in exercise of its sound discretion, dismiss the case.

American Dredging Co. v. Miller, 510 U.S. 443, 447–48 (1994) (internal quotation marks, alterations, and citations omitted).

A defendant must show three things to succeed in dismissal under *forum non conveniens*: "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the

alternative forum without undue inconvenience or prejudice." Leon v. Millon Air, Inc., 251 F.3d 1305, 1310–11 (11th Cir. 2001).

"A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing plaintiff's chosen forum." Sinochem Intern Co. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 430 (2007). This burden "applies with less force" when the plaintiff's choice is not its home forum, as is the case here. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); (Doc. #1 at ¶ 2) (State Farm is a citizen of Illinois). "[T]he plaintiffs' choice of forum should rarely be disturbed 'unless the balance is strongly in favor of the defendant.'" SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1101 (11th Cir. 2004) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Defendants have demonstrated an adequate and alternative forum is available in the United States District Court for the District of Connecticut. "Availability and adequacy warrant separate consideration." Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001). A forum is available when "the foreign court can assert jurisdiction over the litigation sought to be transferred." Id. This is requirement is ordinarily satisfied "when the defendant is amenable to process in the other jurisdiction." Piper Aircraft Co., 454 U.S. at 254 n.22 (internal quotation marks omitted). Here, Defendants have stated that "all of the defendants are amenable to process in the United States District Court for the District of Connecticut . . . ." (Doc. #12 at 8).

As to adequacy, "the Supreme Court has noted that dismissal may be improper where 'the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all.'" Leon, 251 F.3d at 1311 (quoting Piper Aircraft

Co., 454 U.S. at 254). Neither party has suggested any clear inadequacy such that the District of Connecticut would provide no remedy at all. As such, the first prong is satisfied.

Private factors of the second prong include:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Piper Aircraft Co., 454 U.S. at 241 n.6. The majority of these factors weigh against dismissal.

In addressing the private interest factors, Defendants state the Eprights desire to litigate the pending action in Connecticut; Chestelm has its principal place of business in Connecticut and only conducts business there; State Farm would not be burdened with litigation in Connecticut as it operates offices there; and the underlying car accident occurred in Connecticut, and thus all discovery and nonparty witnesses are situated in Connecticut. (Doc #12 at 10).

The Eprights' preference of forum does not pertain to the analysis of the private factors. Additionally, the fact that Chestelm does business exclusively in Connecticut does not mean that litigation in Florida would be any more burdensome than in the District of Connecticut. Nor does it matter that the discovery and nonparty witnesses related to the car accident are situated in Connecticut. State Farm is correct that it is unnecessary to call nonparty witnesses to the accident or to explore Evelyn Epright's injuries or claims in order to determine State Farm's obligations under the contract. (Doc. #18 at 11). As such, it should not be necessary for the Defendants to present any other witnesses than those to the contract: Brinton and Evelyn Epright, both Florida citizens, and the Florida

State Farm agent listed on the policy. (Doc. #1 at ¶¶ 3, 4). The location where Chestelm conducts business is immaterial as the only relevant Chestelm employees or representatives in this action are both Florida citizens. Id. Similarly, it is irrelevant that State Farm conducts business in Connecticut because State Farm's only relevant witness to the contract is its agent in Naples, Florida. (Doc. #1-2 at 2).

Defendants' only arguments on the pertinent point—why it would be burdensome for the Eprights to defend litigation in Florida—are that they desire to litigate in Connecticut and find it burdensome to defend two actions arising from the same set of circumstances in different venues. (Doc. #12 at ¶¶ 5, 7); (Doc. #14 at ¶¶ 5, 7); (Doc. #17 at 2). In weighing the private factors, the Court finds the Defendants have not demonstrated why it would be more costly or burdensome for two Florida citizens to defend suit in Florida than for State Farm to furnish travel expenses to have its witness attend litigation in Connecticut. The Eprights perceived hardship does not appear sufficient enough to outweigh the deference to State Farm's choice of forum. See Wilson v. Island Seas Investments, Ltd., 590 F.3d 1264, 1269 (11th Cir. 2009) ("A plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of plaintiff's choice of forum, particularly where the plaintiffs are citizens of the United States.")

Although "the private factors are generally considered more important than the public factors, the better rule is to consider both factors in all cases.'" Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001) (internal quotation marks omitted). The public factors to be considered are "the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of

laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981) (internal quotation marks omitted).  All but one of these factors weigh against the dismissal of this case.

In regard to the public factors, the Defendants argue: this Court has approximately five times more pending cases than the United States District Court for the District of Connecticut; this Court will be burdened in determining the rights and duties of parties arising from a car accident that occurred in Connecticut; and Connecticut is the more interested state because the cause of action giving rise to this claim occurred there.

Defendants are correct that this Court has more pending cases than the District of Connecticut; thus, this factor weighs in favor of dismissal.  Defendants, however, are incorrect as to the rest of the factors. Because the contract contained a Florida choice of law provision, Florida is a preferable forum for avoiding unnecessary problems in the application of foreign law.  Relatedly, given the Florida choice of law provision, the interest in having the trial of a diversity case in a forum that is at home with the governing law weighs heavily against dismissal.  Florida has a stronger interest in this suit because the contract was signed in Florida and thus is a localized controversy.  Finally, there can be no doubt about unfairness of burdening Connecticut citizens in the unrelated District of Connecticut with jury duty to resolve problems arising from a Florida contract applying Florida law involving Florida citizens and a Florida registered vehicle.  (Doc. #1 at ¶¶ 3–4, 8, 10); (Doc. #1-2 at 53).  Having found the majority of both private and public factors weigh against dismissal, the Defendants have failed to meet this prong.

For the third prong, Defendants assert that State Farm can reinstate the instant suit in the District of Connecticut without inconvenience and prejudice. (Doc. #12 at 11). The Defendants have overstated the lack of inconvenience in restarting litigation in a case which has been pending for five months, where four motions and two responses have been filed. (Docs. #8, 10, 12, 18, 23, 24). Even if the transfer of litigation to the District of Connecticut could be done without inconvenience or prejudice, the other factors in this case do not merit dismissal. As such, the Court finds the Defendants Motion to Dismiss under *forum non conveniens* is due to be denied.

Accordingly, it is now

**ORDERED:**

The Defendants Evelyn Epright, Brinton Epright, and Chestelm Health Care, Inc.'s Amended Motion to Dismiss or, in the Alternative, Transfer Venue (Doc. #12) is **DENIED**. This case will be properly litigated in the Fort Myers Division of the Middle District of Florida.

**DONE AND ORDERED** in Fort Myers, Florida this 24th day of November, 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record