UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v.                                Case No:  2:15-cv-344-FtM-38MRM

EVELYN EPRIGHT, BRINTON
EPRIGHT and CHESTELM HEALTH
CARE, INC.,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Mac R. McCoy (Doc. #34) issued on January 28, 2016, recommending that a default be entered against the Defendants Evelyn and Brinton Epright, and Chestelm Health Care, Inc.  No objections or responses have been filed to the Report and Recommendation and the time to do so has expired.  The Report and Recommendation is now ripe for review.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n. 1 (11th Cir. 2009). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determination of a magistrate judge without personally rehearing disputed testimony from the witness. Powell, 628 F.3d at 1256-58.

## BACKGROUND

Magistrate Judge McCoy recommends that a default be entered against all of the Defendants in this case for failure to comply with the Court's Order. On December 1, 2015, Judge McCoy entered an order allowing the Eprights' Counsel, the law firm of Bohdan Newswiacheny, to withdraw. Judge McCoy directed the Defendant Chestelm Health Care, Inc to obtain new counsel within thirty (30) days of the Order. Similarly, Judge McCoy directed the Eprights to inform the Court within thirty (30) days on whether they intended to proceed *pro se* or obtain counsel. The Eprights failed to respond to the Court's Order.

On January 4, 2016, Judge McCoy entered an Order to Show Cause directing the Eprights to show cause why they failed to respond to the Court's initial Order. The Eprights were informed that if they did not respond to the Order to Show Cause within fourteen (14) days that a default could be entered against them. Again, the Eprights failed to respond to the Court. As a result of the Epright's failure to respond to the Court's Orders, Judge McCoy issued the instant Report and Recommendation recommending that a default should be entered against the Eprights.

**DISCUSSION**

Fed. R. Civ. P. 16(f) and 37(b)(2) empower the court to sanction a party for failure to obey a scheduling order or other pretrial order, including striking an answer or issuing a default order against the offending party. *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 807-CV-535-T-33MAP, 2008 WL 3833950, at *1-2 (M.D. Fla. Aug. 15, 2008) judgment entered, No. 8:07-CV-535-T-33MAP, 2009 WL 179634 (M.D. Fla. Jan. 26, 2009). Rule 16(f)(1) provides that: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... fails to obey a scheduling or other pretrial order." *Glanzrock*, 2008 WL 3833950, at *1-2. Sanctions under Rule 37(b)(2)(A) include striking the pleadings in whole or in part, dismissing the case in whole or in part, and "rendering a default judgment against the disobedient party." *Id.*

Generally, the sanction of default is considered a drastic remedy that should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders." *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543 (11th Cir.1985) (citations omitted). The district court must find that less drastic sanctions would not be equally effective in achieving compliance with the court's orders. *Id.* (citing *Aztec Steel Co. v. Fla. Steel Corp.,* 691 F.2d 480, 481-82 (11th Cir.1982)). However, when the noncompliant party demonstrates "a flagrant disregard for the court and the discovery process," the "severe" sanction is not an abuse of discretion. *Glanzrock*, 2008 WL 3833950, at *1-2. (citing *Aztec Steel Co.,* 691 F.2d at 481)).

In this instance, the Eprights have been directed on two occasions to obtain counsel or inform the Court that they will be proceeding *pro se*. Yet to date, the Eprights

have not responded to the Court's Orders.  The same goes for Chestelm Health Care, Inc.

Based on the Eprights' pattern of disregard for the Court's Orders in this litigation, lesser sanctions would not ensure their compliance and default is both appropriate and necessary.  Therefore, after careful consideration of the Report and Recommendation and an independent review of the file, the Court adopts, accepts, and approves the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

The Report and Recommendation ([Doc. #34](Doc. #34)) is **ACCEPTED and ADOPTED** and incorporated into this Order.

(1) The Clerk of the Court is directed to enter a **DEFAULT JUDGMENT** in favor of the Plaintiff, State Farm Mutual Automobile Insurance Company against the Defendants Evelyn Epright, Brinton Epright, and Chestelm Health Care, Inc.

(2) The Clerk is directed to **CLOSE** case.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of February, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record